IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** § <br> Plaintiff, § <br> § <br> v. §    Case No. 4:19-cv-616 <br> § <br> **TINA S. ALEXANDER,** § <br> Defendant. § <br> § | |

## COMPLAINT

Plaintiff WELLS FARGO BANK, N.A. ("WELLS FARGO") by and through its undersigned counsel, files this Complaint against Defendant, TINA S. ALEXANDER ("ALEXANDER"), and for causes of action, states and alleges as follows:

### NATURE OF ACTION

1. WELLS FARGO seeks judicial foreclosure of its mortgage lien on ALEXANDER's property, located at 12318 Mossycup, Houston, Texas 77024.

### PARTIES

2. WELLS FARGO BANK, N.A., is a national banking association, whose citizenship for purposes of diversity is South Dakota.

3. TINA ALEXANDER is a citizen and resident of Houston, Texas, who maybe served at 12318 Mossycup, Houston, Texas 77024.

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff WELLS FARGO and Defendants ALEXANDER, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

584753

5. The Court has general personal jurisdiction over Defendant ALEXANDER given the facts stated in Paragraph 3 herein.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as Defendant is a citizen and resident of Houston, Texas.

## FACTUAL ALLEGATIONS

7. On September 15, 1998, Defendant TINA S. ALEXANDER executed and delivered to World Savings Bank, A Federal Savings Bank, a Note Texas Equity Fixed Rate – First Lien ("Note"), in which the Defendant promised to pay to the order of World Savings Bank, A Federal Savings Bank the sum of $296,000.00, with interest at the rate stated therein, beginning November 1, 1998, and continuing each month until paid. A true and correct copy of the Note is attached as Exhibit 1 and incorporated by reference The promissory note provides that if there is any default in the payment of any installment when due, the holder may elect to mature the note, in which event the remaining unpaid balance becomes immediately due and payable. Plaintiff WELLS FARGO is the owner and holder of this Note and Security Agreement.

8. Defendant ALEXANDER obtained the $296,000.00 home equity loan in 1998 ("the Loan"), which is evidenced by the Note, executed by ALEXANDER; and to secure the Note, Defendant ALEXANDER executed a Texas Equity Deed of Trust ("Deed of Trust"), which conveyed a security interest in the following Property, situated in Harris County, Texas:

> Lot Fourteen (14), in Block Thirteen (13), of FROSTWOOD, SECTION TWO (2), an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 77, Page 52 of the Map Records of Harris County.

for the benefit of World Savings Bank, A Federal Savings Bank. A true and correct copy of the Deed of Trust is attached as Exhibit 2 and incorporated by reference. Plaintiff WELLS FARGO is now the holder and owner of the Note and the lien conveyed in the Deed of Trust.

9. Defendant ALEXANDER became delinquent in the payment of the Note by failing and refusing to pay the installment due on December 1, 2007, and all installments due after that date. On September 17, 2018 the plaintiff, through counsel, gave written notice and demand to Defendant ALEXANDER that if the delinquent installments were not paid within 30 days, the plaintiff would declare the entire debt due and payable.  A true and correct copy of the plaintiff's notice and demand is attached as Exhibit 3 and incorporated by reference.  The defendant failed and refused, and continues to fail and refuse, to remedy the default.

10. As a result of the defendant's default, and in accordance with the terms of the promissory note described in Paragraph 7 above, the plaintiff elected to mature the note and advised the defendant of this election by a letter dated January 15, 2019.  A true and correct copy of the plaintiff's letter is attached as Exhibit 4 and incorporated by reference. Nevertheless, Defendant ALEXANDER made no payment nor offer to pay all or part of the remaining balance due.

11. As a result of the defendant's default, the plaintiff has been damaged in the sum of at least $767,108.76, as of November 15, 2018, as unpaid principal, interest, taxes and insurance, late charges, plus attorneys' fees as set forth below.  The plaintiff seeks judgment for all of these sums against the defendant and for establishment and foreclosure of the home equity lien securing the defendants' obligation.

12. However, despite ALEXANDER'S failure and refusal to honor her obligations, Plaintiff, acting through the loan servicer, advanced funds on numerous occasions for the protection of the validity and priority of Plaintiff's interest, as they were authorized to do under the terms of the Deed of Trust.  Those funds advanced included payments for the ad valorem taxes owed on the Property at various points in time, without which payment, the assorted taxing

authorities would have long since foreclosed their statutory lien and sold the Property to satisfy the tax debt. Likewise, those advanced funds also included insurance premiums that provided protection to both the Plaintiff and ALEXANDER against loss to the Property. The aggregate amount thus advanced by Plaintiff currently exceeds $26,269.01, and more will accrue as additional taxes and insurance premiums become due. 70 S.

13.     All conditions precedent have been performed by WELLS FARGO or have occurred.

### FIRST CLAIM FOR RELIEF
(Claim for Judicial Foreclosure of Contract Lien.)

14.     WELLS FARGO seeks judicial foreclosure on the home equity lien, and hereby repeats and re-alleges the above allegations of this Complaint as if fully set forth herein.

15.     A debt now exits that is owed by ALEXANDER. The Deed of Trust and the Property secure a valid home equity lien that conforms to the requirements of Tex. Const. Art. XVI § 50(a)(6). ALEXANDER is in default for failure to pay the payments required under the Note and Security Instrument, Section 51.002 of the Texas Property Code, and applicable law. Upon information and belief, Defendant ALEXANDER is not a member of the National Guard or United States Military and/or has applied for relief under the provisions of the Soldier's and Sailor's Relief Act of 1940.

16.     As a result of Defendants ALEXANDER'S default, Plaintiff has been damaged in the sum of at least $767,108.76, as unpaid principal and interest, plus permissible fees and expenses allowed by the Note and Deed of Trust, plus future accrued interest and future escrow advances, fees, and costs permitted under the Note and Deed of Trust. Further, all notices pursuant to the Deed of Trust and Note have been given. Plaintiff seeks foreclosure of the lien pursuant to the Deed of Trust and an order to sell the Property.

## SECOND CLAIM FOR RELIEF
(Equitable Subrogation.)

17. WELLS FARGO hereby repeats and re-alleges the above allegations of this Complaint as if fully set forth herein.

18. "Equitable subrogation" is a "legal fiction" recognized on occasion by Texas courts "whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another."[1] The general purpose of equitable subrogation is to prevent unjust enrichment of the debtor.[2] Texas courts are particularly hospitable to the doctrine of equitable subrogation.[3] "Texas courts have also given the doctrine 'a liberal application…broad enough to include every instance in which one person, no acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter.'"[4]

19. There are two key elements to equitable subrogation: (1) the person whose debt was paid was primarily liable on the debt, and (2) the claimant paid the debt involuntarily.[5] The Deed of Trust assigns primary responsibility to ALEXANDER for the payment of ad valorem

---

[1] *In re Hyang Ran Wang,* 452 B.R. 187, 193 (N.D.Tex.Bnky. 2011) (quoting *Murray v. The Cadle Co."* 257 S.W.3d 291, 299 (Tex.App.--Dallas 2008, rev. denied) (citing *First Nat'l Bank of Houston* v. *Ackerman,* 70 Tex. 315, 8 S.W. 45, 47 (1888; *accord Smart v, Tower Land & Inv. Co.,* 597 S.W.2d 333, 337 (Tex. 1980))).

[2] *Bank of America* v. *Babu,* 340 S.W.3d 917, 925 (Tex App.--Dallas 2011, rev. denied 20 12) (citing *First Nat'l Bank of Kerrville* v. *O'Dell,* 856 S.W.2d 410, 415 (Tex. l993); *Murray,* 257 S.W.3d at 299).

[3] *Babu,* 340 S.W.3d at 925; *Murray,* 257 S.W.3d at 299; *Interfirst Bank Dallas, N.A.* v. *U.S. Fid. & Guar. Co.,* 774 S.W.2d 391, 397 (Tex.App.--Dallas 1989, writ denied).

[4] *Babu,* 340 S.W.3d at 926 (quoting *Murray,* 257 S.W.3d at 299 (quoting *Forney* v. *Jorrie,* 511 S.W.2d 379, 386 (Tex,Civ.App.....San Antonio 1974, writ refd n.r.e.»); *see also Frymire Eng'g Co., Inc. v. Jomar Int'l, Ltd.,* 259 S.W.3d 140, 144 (Tex.2008); *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.,* 236 S.W.3d 765, 774 (Tex.2007); *Diversified Mortg. Investors v. Lloyd D. Blaylock Gen. Contractor, Inc.,* 576 S.W,2d 794, 807 (Tex.1978) (op. on reh'g).

[5] *Babu,* 340 S.W.3d at 925; *Murray,* 257 S.W.3d at 299.

taxes and the maintenance of insurance on the Property, authorizing the lender to advance funds for the payment of those funds when necessary to protect its interest. ALEXANDER has failed to either pay the ad valorem taxes or maintain the required insurance on the Property. Therefore, in order to make sure that its interest was adequately protected and that the Property was not lost to tax foreclosure, Plaintiff was compelled to advance those sums. Consequently, Plaintiff is entitled to an equitable lien on the Property, separate and apart from its contractual lien, and not affected by limitations, pursuant to the doctrine of equitable subrogation. Plaintiff therefore asks the Court to enter judgment declaring the amount of such lien and ordering that it is affixed to the Property and enforceable by WELLS FARGO.

## THIRD CLAIM FOR RELIEF
(Claim for Judicial Foreclosure of Equitable Lien.)

20. WELLS FARGO hereby repeats and re-alleges the above allegations of this Complaint as if fully set forth herein.

21. Plaintiff seeks judicial foreclosure.

22. A debt now exists that is owed by Defendants ALEXANDER. As set forth in the paragraphs above, Plaintiff has advanced considerable sums, as a result of which, it is entitled to an equitable lien on the Property, which may be enforced through the foreclosure and sale of the Property. Upon information and belief, Defendant ALEXANDER is not an active duty member of the National Guard or United States Military and/or has not applied for relief under the provisions of the Soldier's and Sailor's Relief Act of 1940.

23. As a result of the ALEXANDER'S failure to reimburse the sums advanced by Plaintiff to pay those obligations on which ALEXANDER was primarily obligated, Plaintiff has been damaged. Plaintiff seeks to judicially foreclose its equitable lien on the Property, in accordance with applicable Texas state and federal law.

## FOURTH CLAIM FOR RELIEF
(Claim for attorneys' fees.)

24. Pursuant to Tex. Civ. Prac. & Rem Code § 38.001, and the terms of the Note and Deed of Trust, Plaintiff is entitled to recover the attorneys' fees and costs incurred in connection with its attempts to collect the amounts due under the Note and Deed of Trust, as well as any expenses associated with the collection of such amounts. As a result of ALEXANDER'S default on the Note, Plaintiff retained counsel and agreed to pay them reasonable attorneys' fees and costs for collecting the amounts due and owing under the Note. Plaintiff has incurred and will continue to incur such fees and expenses. Plaintiff requests the Court to award Plaintiff all reasonable and necessary attorneys' fees incurred in prosecuting these claims, which sums are secured by the Deed of Trust, and as are just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WELLS FARGO respectfully requests that this Court enter judgment in its favor against ALEXANDER, as follows:

(a) An order judicially foreclosing WELLS FARGO'S lien and ordering sale of the subject Property;

(b) Plaintiff's costs, including reasonable attorneys' fees and expenses, as well as costs of court and other costs of collection, through entry of judgment and any appeals;

(c) Interest accrued and accruing through the date of judgment as provided under the Note and Deed of Trust;

(d) Declarative judgment as outlined above and inclusion of an order within the final judgment of the case, foreclosing the equitable lien and ordering the sale of the subject Property;

(e) Post-judgment interest on all such amounts from the date of judgment until paid at the maximum rate allowed by law; and

(f) For such other and further relief, general and special, at law and in equity, to which WELLS FARGO may be justly entitled.

Respectfully submitted,

/s/ Robert Y. Petersen
Robert Y. Petersen
Texas Bar 24083655
Federal Bar No. 1725986
701 N Post Oak Rd, Suite 205
Houston, TX 77024
(713) 293-3602 phone
(858) 412-2773 facsimile
rpetersen@aldridgepite.com

Of Counsel:
Aldridge Pite, LLP
Robert L. Negrin
Texas Bar 14865550
rnegrin@aldridgepite.com