United States District Court
Southern District of Texas

**ENTERED**
September 03, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MTGLQ Investors, L.P.,** | § | |
| | § | |
| **v.** | § | **Civil Action 4:19-cv-00616** |
| | § | |
| **Tina Alexander.** | § | |

## FINAL JUDGMENT FOR FORECLOSURE

On this day, came on for consideration plaintiff MTGLQ Investors, L.P.'s summary judgment motion. Upon consideration of the motion, response, supplemental briefing, evidence and pleadings, this court is of the opinion it should be **GRANTED** as follows:

The court determined it has jurisdiction over the subject matter and parties in this proceeding. After considering the pleadings and papers on file, hearing arguments of counsel, and considering the evidence, the court finds the loan agreement is evidenced by a valid note and Texas equity deed of trust executed by defendant Tina Alexander as obligor of the note and mortgagor of the loan agreement debt, and is secured by the real property and improvements commonly known as 12318 Mossycup, Houston, Texas 77024 and more particularly described as:

Lot Fourteen (14), in Block Thirteen (13), of FROSTWOOD, SECTION TWO (2), an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 77, Page 52 of the Map Records of Harris County

It is **ORDERED, ADJUDGED AND DECREED** MTGLQ is the current legal owner of the note and beneficiary of the deed of trust. Therefore, MTGLQ is the mortgagee with the right to enforce the deed of trust.

It is **ORDERED, ADJUDGED AND DECREED** Tina Alexander is obligated for the loan agreement and has defaulted on the loan agreement, the requisite notices to cure the default

have been provided, the default has not been cured and the maturity of the debt has been accelerated in accordance with the deed of trust, Texas property code section 51.002 and applicable law.  As of August 21, 2020, the amount Tina Alexander owes to MTGLQ under the loan agreement at issue is $851,235.44, which includes costs and expenses enforcing the note and deed of trust.[1]  Post-judgment interest shall accrue on the balance at the applicable statutory rate.  All conditions precedent necessary have been accomplished.  There is money owed under the loan agreement to be recovered through a judicial foreclosure.

It is therefore **ORDERED, ADJUDGED AND DECREED** that MTGLQ recover the amount under the loan agreement with a foreclosure of the loan agreement against the property and that an order of sale shall issue to any sheriff or constable within the state of Texas directing him or her to seize and sell the same as under execution, to be paid towards the satisfaction of the counter-plaintiff.

It is further **ORDERED, ADJUDGED AND DECREED** that this judgment for foreclosure shall have all the force and effect of a writ of possession as between the parties to this suit and also as to any person claiming a right in the property under counter-defendant that was acquired pending this suit.  The sheriff, constable, or other officer executing this judgment for foreclosure sale shall proceed by virtue of such judgment to place the purchaser of the property sold at the foreclosure sale in possession of the property within thirty days of the foreclosure sale.

It is further **ORDERED, ADJUDGED AND DECREED** that all right, title, and interest of Tina Alexander in the property encumbered by the loan agreement is subject to foreclosure.

---

[1] As of May 14, 2020, the total amount owed under the loan was $838,804.66.  Since then, interest has increased by $5,478.92, escrow has increased by $728.82, late charges have increased by $212.06 and recoverable advances (fees and expenses) have increased by $6,010.98.

It is further **ORDERED, ADJUDGED AND DECREED** if Tina Alexander, within thirty days after entering of the final judgment, fails to pay to MTGLQ the full amount due under this judgment, the property shall be sold in accordance with Texas Rule of Civil Procedure 309 at public auction to the highest bidder.

It is further **ORDERED, ADJUDGED AND DECREED** the order of sale shall provide that MTGLQ, its successors or assigns, have the right to become the purchaser of the property at the sale conducted pursuant to the order of sale, and MTGLQ, its successors or assigns, shall have the right to credit upon amount of the bid made to the extent necessary to satisfy such bid, the amount of the judgment owing to MTGLQ.

It is further **ORDERED, ADJUDGED AND DECREED** the sheriff or constable conducting the sale shall deduct out of the proceeds of the foreclosure sale its reasonable fees for conducting the sale and shall distribute the remaining proceeds in accordance with the terms of the deed of trust.  If any sales proceeds remain, they shall be distributed then to inferior lienholders in order of lien priority and then to counter-defendant.

It is further **ORDERED, ADJUDGED AND DECREED** this judgment finally disposes of all parties and all claims and is appealable and all relief not expressly granted is **DENIED**.

It is **FURTHER ORDERED** that all costs shall be taxed against defendant Tina Alexander.

It is **FURTHER ORDERED** that all relief not expressly granted is hereby **DENIED**.

It is **FINALLY ORDERED** that the case is hereby **CLOSED**.

SIGNED on   September 2, 2020          .

 

 

_____

Keith P. Ellison
UNITED STATES DISTRICT JUDGE